# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **AMENDED ORDER GRANTING MOTION** |
| ) | **FOR RELEASE FROM CUSTODY** |
| vs. ) | |
| ) | |
| Brian Paul Nelson, ) | Case No. 1:23-cr-213 |
| ) | |
| Defendant. ) | |

Defendant is charged in an Indictment with the offense o conspiracy to distribute and possess with intent to distribute controlled substances. (Doc. No. 2). On November 17, 2023, he made his initial appearance and was ordered detained pending an arraignment and detention hearing on November 23, 2023. (Doc. Nos. 34 and 53). Following his arraignment detention hearing, the court conditionally released him pending trial. (Doc. No. 89 and 96).

On October 28, 2025, Defendant's supervising Pretrial Services Officer submitted a petition alleging that Defendant had tested positive for controlled substances on multiple occasions, admitted to consuming alcohol and controlled substances, thrice tampered with drug screenings, and was terminated from a substance abuse program in violation of his conditions of pretrial release. (Doc. No. 698). Following a hearing on November 3, 2025, at which Defendant admitted to violating his release conditions as alleged, the court issued an order revoking his release and remanding him to the custody of the United States marshal. (Doc. Nos. 708 and 709).

On December 16, 2025, Defendant filed a Motion for Release from Detention. (Doc. No. 730). He advises that he has been accepted into an inpatient treatment program at the Prairie Recovery Center ("PRC") in Raleigh, North Dakota. He requests to be released to PRC staff for transport to PRC so that he can begin treatment.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

The court, in consultation with the Pretrial Services Officer, is inclined to conditionally release Defendant to PRC. Defendant's acceptance to PRC's inpatient treatment program is new information that has a material bearing on the issue of detention. The court is cognizant of Defendant's past failure to comply with his conditions of pretrial release. However, Defendant has now endured an extended period of forced sobriety and would benefit from treatment. Moreover, the court finds its significant that the Pretrial Services Officer has expressed no opposition to Defendant's instant motion.

Accordingly, the court **GRANTS** Defendant's motion. (Doc. No. 730). Defendant shall be released to PRC staff no earlier than 10:00 AM on December 22, 2025, for transport to PRC. Defendant's release shall be subject to the following conditions:

.(1) Defendant shall not violate federal, state, tribal, or local law while on release.

(2) Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be

considered the same as a positive test.

(4) Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota.

(5) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(6) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(7) Defendant shall report to and reside at PRC, fully participate in its programming, and comply with all of its rules and regulations.

(8) Defendant shall not knowingly or intentionally have any direct or indirect contact with witness(es), or co-defendant(s), except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(9) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from PRC OR to communicate with PRC about his progress there.

Any passes from PRC must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from PRC, he must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of his anticipated completion date so the court may schedule a hearing to review Defendant's release status.

If Defendant successfully completes PRC's treatment programming, the Pretrial Services Officer may approve Defendant's transition to an appropriate sober living facility.

(10) Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(11) Defendant shall not obtain a passport and other foreign travel document(s).

(12) Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Services Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

If Defendant cannot be transported to PRC as anticipated on December 22, 2025, he shall remain in custody pending further order.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court